```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-----------------------------------x
MARY ANN FABICH,                   :
                                   :
          Plaintiff,               :
                                   :
     v.                            : Civ. No. 3:04CV00309(AWT)
                                   :
MICHAEL D. CUSTER, ROBERT CATANIA, :
and JONATHAN LAMMERS,              :
                                   :
          Defendants.              :
-----------------------------------x
```

### ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Michael D. Custer, Robert Catania, and Jonathan Lammers move for summary judgment with respect to each claim in plaintiff Mary Ann Fabich's Complaint. For the reasons set forth below, the defendants' motion for summary judgment is being granted in part and denied in part.

Both the plaintiff and the defendants submit evidence in support of their contentions in this case. The evidence submitted by the parties support dramatically different versions of the relevant events. For purposes of the instant motion it is particularly significant that the deposition testimony of the plaintiff, Mary Ann Fabich, and that of her mother, Ann Fabich, together with the other evidence attached to the Plaintiff's Local Rule 56(a)(2) Statement (Doc. No. 27) create numerous genuine issues of material fact. The court's analysis as to the specific claims in the Complaint follows.

**Count I: Fourth Amendment Claims**

**A.    Defendants Catania and Lammers: Illegal Seizure**

The defendants argue that the plaintiff's Fourth Amendment Claim of unreasonable seizure fails because defendants Catania and Lammers had probable cause to take the plaintiff into custody. However, the defendants' motion for judgment on this ground should be denied because genuine issues of material fact exist as to whether defendants Catania and Lammers had probable cause to take the plaintiff into custody.

The defendants also argue that objectively reasonable officers could disagree as to whether Catania's and Lammers' actions violated clearly established law and that they are therefore entitled to qualified immunity. However, in making this argument the defendants do not view the evidence in the light most favorable to the plaintiff, and taking the evidence in the light most favorable to the plaintiff, defendants Catania and Lammers would not be entitled to qualified immunity on this claim.

**B.    Defendants Catania and Lammers: Unreasonable Force**

The defendants argue that they are entitled to summary judgment on the plaintiff's Fourth Amendment claim of unreasonable force because their use of force was objectively reasonable under the circumstances. However, in making this argument the defendants do not view the evidence in the light

2

most favorable to the plaintiff, and viewing the evidence in the light most favorable to the plaintiff, defendants Catania and Lammers would not be entitled to qualified immunity on this claim.

**C.  Defendant Custer: Deliberate Indifference/Supervisory Liability**

The plaintiff brings claims against defendant Custer, the Chief of Police, contending that he was deliberately indifferent to violations of the constitutional rights of the plaintiff and for supervisory liability.  However, as discussed by the defendants at pages 36-39 of their Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Doc. No. 18), there was an investigation conducted and it was not unreasonable for defendant Custer to rely on the written report of that investigation.  Thus, it was objectively reasonable for Custer to believe that he was not violating the plaintiff's rights, and he would in any event be entitled to qualified immunity on these claims.

**D.  Duty to Intervene**

The defendants contend that they are entitled to judgment on the plaintiff's claims for failure to intervene because all claims against Catania and Lammers either fail as a matter of law or they are entitled to qualified immunity.  However, the predicate for this argument is not correct.  To the extent that Catania and Lammers contend that it was objectively reasonable

3

for each of them to take the action they took on the evening in question, it was objectively reasonable for each of them to believe that he did not need to intervene to prevent the other's conduct.  However, genuine issues of material fact exist as to what conduct each officer engaged in that evening and was observed to engage in by the other officer.

To the extent a duty to intervene claim is alleged against defendant Custer, defendant Custer is entitled to judgment as a matter of law because he was not present at the scene.

**Count II: Fourteenth Amendment Claims**

**A.   Procedural and Substantive Due Process**

The defendants argue that they are entitled to summary judgment on the plaintiff's substantive and procedural due process claims because they had probable cause to take her into custody and their actions were objectively reasonable.  The defendants' motion for summary judgment on these grounds is being denied because genuine issues of material fact exist with respect to each of these contentions.

**B.   Equal Protection**

The defendants properly note that "equal Protection claims can be brought by a 'class of one' where a plaintiff alleges that she has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  Barton v. City of Bristol, 294 F.

Supp. 2d 184, 195 (D. Conn. 2003) (citing <u>African Trade & Info. Ctr., Inc. v. Abromaitis</u>, 294 F.3d 355, 362-63 (2d Cir. 2002) (quoting <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam)).

The defendants argue, <u>inter alia</u>, that the plaintiff has produced no evidence of different treatment of others similarly situated. The court agrees, and for this reason the court concludes that the defendants are entitled to summary judgment on the plaintiff's Equal Protection claim.

**<u>Count III: First Amendment Claim</u>**

The parties agree that to establish that the defendants violated the plaintiff's First Amendment rights, the plaintiff must show three elements. "A plaintiff asserting such a First Amendment claim must allege that (i) he has an interest protected by the First Amendment; (ii) the defendant's actions were motivated by or substantially caused by the plaintiff's exercise of that right; and (iii) the defendant's action effectively chilled the exercise of the plaintiff's First Amendment rights." <u>Connell v. Signoracci</u>, 153 F.3d 74, 79 (2d Cir. 1998) (internal citation and quotation marks omitted). The defendants argue, <u>inter alia</u>, that the plaintiff has failed to produce evidence that the defendants' conduct chilled her speech. Although the plaintiff addresses implicitly the first element of the claim and addresses explicitly an improper motive on the part of defendant

5

Catania, the plaintiff fails to address at all the defendants' argument that plaintiff has failed to demonstrate that the defendants' conduct chilled her speech.  Therefore the defendants are entitled to summary judgment on the plaintiff's First Amendment claim.

**Count IV: State Law Claim for False Imprisonment**
             **Against Catania and Lammers**

The defendants argue that they had probable cause to take the plaintiff into custody for an emergency examination.  The motion for summary judgment with respect to this claim is being denied because genuine issues of material fact exist as to whether probable cause existed.

**Count V: Intentional Infliction of Emotional Distress**

The defendants contend that they are entitled to summary judgment on this claim because the defendants' conduct was not extreme and outrageous, and the plaintiff did not suffer severe emotional distress.  The motion for summary judgment with respect to this claim is being denied because genuine issues of material fact exist as to whether the defendants' conduct was extreme and outrageous and whether the plaintiff suffered severe emotional distress.

**Conclusion**

For the reasons set forth above, Defendants' Motion for Summary Judgment (Doc. No. 17) is hereby GRANTED in part and DENIED in part.  Summary judgment is being granted with respect

to the claims in Count I against defendant Custer for deliberate indifference and duty to intervene; Count II, which is the Equal Protection claim; and Count III, which is the First Amendment claim.

    It is so ordered.

    Dated this 5th day of September, 2006, at Hartford, Connecticut.

                                         /s/Alvin W. Thompson

                                _____
                                      Alvin W. Thompson
                                United States District Judge